## CONCORD v. MERRIMACK COUNTY.

In the prosecution of a claim against the county by a town or city for aid furnished a pauper, a former adjudication of the county commissioners that the pauper had no settlement in any town in the state, may be vacated and reversed for fraud or mistake, if justice requires it.

CLAIM for aid furnished a pauper. The facts are stated in the opinion.

*Ray*, for the plaintiffs.

*Greene* and *Leach*, solicitors, for the defendants.

ALLEN, J. The pauper, at the time the assistance was rendered, had his settlement in Warner, through his mother, whose settlement was there. In 1879, on a claim against the county by Warner for aid furnished to the mother, the county commissioners, on the representations of the selectmen of that town, adjudged that she had no settlement in Warner nor one in any town in the state, and that the claim be paid, although in truth she had a settlement in Warner. The plaintiffs claim that this adjudication is conclusive of the question of the present pauper's settlement, into which no further inquiry can be made.

The charge, disposal, and support of county paupers have been intrusted by statute to the county commissioners. G. L., c. 25, s. 5. The determination of the question of the pauper's legal settlement in any town in the state, and of the validity of any claim for support against the county, is in the first instance a duty of the commissioners. G. L., c. 83, s. 14. If a disagreement arises, as in this case, the claim may be laid before the court for decision. G. L., c. 25, s. 10. Although the finding of the commissioners upon the question of the pauper's settlement may be conclusive as a judgment, until impeached or set aside *(Salisbury* v. *Merrimack County*, 59 N. H. 359), it may be set aside for fraud or mistake, if justice requires it. *Great Falls Manufacturing Co.* v. *Worster*, 45 N. H. 110; *Judge of Probate* v. *Webster*, 46 N. H. 518; *Cheshire Provident Institution* v. *Stone*, 52 N. H. 365, 367. The evidence upon which the adjudication was made being false, and the defendants not appearing to be in fault, injustice would follow if the truth could not be shown.

This being an equitable proceeding, it is the duty of the commissioners, being satisfied that their finding on the question of the pauper's settlement was the result of fraud or mistake, to vacate and reverse that finding and investigate the merits of the claim.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.