## MERRIMACK COUNTY *v.* GRAFTON COUNTY.

Residence within a county for one year fixes the liability of the county for the support of a poor person, under Gen. Laws, c. 83, s. 15, whether relief was furnished to such person within the year of residence or not.

ASSUMPSIT, to recover money paid by the plaintiffs for the support of the minor children of John B. Carter. Facts found by the court.

January 1, 1870, Carter had a settlement in Canterbury, in Merrimack county, which was abolished by the act of September 11, 1883, and neither he nor his children have gained one anywhere since. He lived in Canterbury till some time in 1881, when he removed to Rumney, in Grafton county, where he and his children resided, having no home elsewhere, until September 20, 1883, when they returned to Canterbury, and there remained until November, 1883; and then, after a short visit to Vermont, went back to Rumney. In three or four days after their return from Vermont, the overseer of the poor of Rumney, at Carter's request, sent the children to Canterbury, whence they were afterwards taken to the county farm in Merrimack county, and supported there.

In November, 1883, before the children went to Vermont, Canterbury, upon the application of their father, furnished them with clothing to the amount of $16 (they being paupers and in need of the same), which Merrimack county has paid to Canterbury. Before paying it, an affidavit was furnished the county commissioners, as required by c. 14, s. 83, Gen. Laws, a copy of which has been forwarded to the commissioners of Grafton county, as required by s. 15 of that chapter.

*Chase & Streeter*, for the plaintiffs.

*Fling & Chase*, for the defendants.

SMITH, J.  "The county in which any county pauper shall have been relieved within one year, or in which he shall have last resided not less than one year, shall be liable to the county in which he may afterward be relieved, if he has not resided in the latter county above three months at the time of the first relief, for all sums of money paid for his relief, support, or funeral: *Provided*, a copy of the affidavit before mentioned [in s. 14] shall be forwarded as soon as practicable to the county commissioners of the county to be charged." G. L., c. 83, s. 15; G. S., c. 75, s. 13. Any settlement or residence which Carter or his children had in Canterbury prior to their removal to Rumney in 1881, would not

render Merrimack county liable for their support after their removal, because, their settlement in Canterbury having been abolished by an act of the legislature which took effect September 11, 1883 (Laws 1883, *c.* 80), they resided in Rumney more than one year next prior to September 20, 1883, and less than three months in Merrimack county when relieved in November, 1883. The case stands precisely as if Carter and his children had never resided in Merrimack county prior to November, 1883. The county of Grafton is liable for their support because their residence had been a year and more in that county, and less than three months in the county of Merrimack at the time of their relief in November, 1883, by the latter county. The fact that during the whole period of their residence in Rumney, except the last nine days, they had a settlement in Canterbury, does not render Merrimack county liable for their support. Pauper settlements are the mere creations of the statutes, and may be made or unmade at the pleasure of the legislature. No vested right can accrue to any one to retain a settlement thus gained longer than the statute giving it shall remain in force. *Northfield* v. *Merrimack County*, 43 N. H. 165. After September 11, 1883, Carter and his children had no settlement in Canterbury nor in any other town. Therefore, when relieved in November, 1883, they became county paupers. Prior to September 11, 1883, they were not county paupers; and if they had stood in need of relief, neither Merrimack nor Grafton county was liable for their support. The statute of 1883, then, did not impose upon Grafton county a liability which had previously been laid upon Merrimack county. The legislature has repeatedly abolished town settlements, and thereby imposed upon counties burdens previously borne by towns. The act of January 1, 1796, prescribed the method by which a settlement might be gained, and declared former settlements lost when a new one should be gained. N. H. Laws (ed. 1805), 306, *s.* 8. In 1861 all town settlements acquired prior to January 1, 1820, were abolished. Laws 1861, *c.* 2482. In 1868 all town settlements acquired prior to January 1, 1840, were abolished. Laws 1868, *c.* 1, *s.* 23. In 1875 all town settlements acquired prior to January 1, 1860, were abolished. Laws 1875, *c.* 5. And in 1883 all town settlements acquired prior to January 1, 1870, were abolished. Laws 1883, *c.* 80. By these statutes, except the first, the burden of supporting paupers, previously borne by towns, was thrown upon counties; but the constitutionality of such statutes was never questioned. Counties and towns are only political subdivisions of the state created for the more convenient administration of the government. Their powers may be enlarged or diminished according to the requirements of the public, and their charters may be changed or repealed at the will of the legislature. *Dartmouth College* v. *Woodward*, 1 N. H. 111, 131; *Merrill* v. *Sherburne*, 1 N. H. 199, 213; *Bristol* v. *New Chester*, 3 N. H. 532; *Londonderry* v. *Derry*, 8 N. H. 320, 323;

*Berlin* v. *Gorham*, 34 N. H. 266, 275; *Wooster* v. *Plymouth*, 62 N. H. ——.

When the act of 1883 took effect, Carter and his children were not paupers. There then existed the possibility that they might become so poor as to need relief. It was only the possibility of a future liability, and not a present, actual liability, that was thereby shifted from Canterbury upon Grafton county.

The defendants contend that, as Carter was not a county pauper during his residence in Rumney, they are not liable. The statute does not mean that a person must be a county pauper during his residence of not less than one year within the county, to make such county liable to another county for his support. The meaning of the statute is the same as if it read " person having no town settlement," instead of " county pauper." If the person relieved by a county has resided therein less than three months, the county in which he last resided not less than one year is liable to the county furnishing the relief. Carter, when relieved by Merrimack county, was a county pauper, and comes within the terms of the statute.

Whether the fact that Carter was relieved by Rumney in March, 1883, brings this case within the statute so as to render the defendants liable, we need not inquire. For reasons already given, the plaintiffs are entitled to recover.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.