Grafton, {
June, 1895. }

## PLYMOUTH *v.* GRAFTON COUNTY.

The disallowance of a town's pauper claim by the county commissioners authorizes a submission to the court of the matters in dispute, under P. S., c. 27, s. 13.

An action of assumpsit to enforce such claim may be treated as a submission to the court, and the merits of the case decided therein; but the plaintiffs will be limited to such costs as would properly attend a submission authorized by the statute.

ASSUMPSIT, for supplies furnished a person claimed to be a county pauper. Facts found by the court. The plaintiffs' claim was submitted to the county commissioners with vouchers and affidavits in proper form and by them disallowed. The plaintiffs thereupon, without any agreement with the commissioners and without their consent, brought this action. The defendants moved to dismiss on the ground that there had been no submission to the court within the meaning of the statute, and because a suit at law cannot be maintained.

*Burleigh & Adams*, for the plaintiffs.

*Bingham, Mitchell & Batchellor*, for the defendants.

PARSONS, J. The decision of the county commissioners, disallowing the plaintiffs' claim, was a judgment conclusive until reversed, modified, or set aside. *Salisbury* v. *County,* 59 N. H. 359; *Concord* v. *County,* 60 N. H. 521. The question presented is whether such judgment is subject to revision in this court in a suit at law brought upon the same claim. Public Statutes, c. 85, s. 3, providing that when a claim of this nature shall with proper vouchers be presented to the county commissioners they shall allow such sum as they think reasonable, to be paid out of the county treasury, uses nearly identical language with section 9 of the act of December 16, 1828 (Laws 1830, *p.* 305), wherein similar power was conferred upon the court of common pleas. When boards of county commissioners were created in 1855, they were authorized to " examine and allow . . . all claims arising from or incident to the support and maintenance of county paupers, subject to the revision of the court of common pleas." Laws 1855, *c.* 1659, *s.* 37; *Salisbury* v. *County,* 59 N. H. 359, 361. By the abolition of the court of common pleas (Laws 1859, *c.* 2211, *ss.* 1, 3) and the subsequent judiciary acts of 1874

and 1876, all the powers enjoyed and exercised by that court were imposed upon this court; and hence this court has the same power to revise a judgment of the county commissioners upon a claim of this nature, as was formerly possessed by the court of common pleas, unless such authority has been taken away by statute. Chapter 4077, section 1, Laws 1865 (P. S., c. 27, s. 10), authorizing the commissioners to audit and allow claims against or in favor of the county, does not repeal the revisory power of the court in relation to pauper claims. By the act of 1855, no form of procedure is provided for the revision by the court of the county commissioners' judgment, but the practice appears to have been by petition to the court for the allowance of the claim after its disallowance by the commissioners. See *Andover* v. *Merrimack County*, 37 N. H. 437; *Northfield* v. *Merrimack County*, 43 N. H. 165.

Whatever might otherwise be claimed to be the effect of the law of 1865 as to the final jurisdiction of the commissioners upon claims not arising from or incident to the support of county paupers, or as to the effect of the enactment of G. S., c. 75, s. 1, and P. S., c. 85, s. 3, following the phraseology of the law of 1828 and omitting the phrase " subject to the revision of the court " found in the law of 1855 creating county commissioners, there is no ground for question since the enactment in 1867 of G. S., c. 24, s. 10, providing that, " if any disagreement shall arise between any claimant and the commissioners relative to any claim in favor of or against the county, the same may be laid before the court for decision." P. S., c. 27, s. 13. This language plainly provides for the revision of the commissioners' judgment by the court; and taking into consideration the revisory power in pauper cases previously lodged with the court and the existing practice for the exercise of such revision, clearly authorizes a claimant whose claim is rejected by the commissioners to apply to the court for its allowance. Such rejection is a disagreement between the claimant and the commissioners relative to the claim. Whether the disagreement is as to some matter of fact or rule of law understood to determine the liability of the county is immaterial. Opposing views as to law or fact would be a disagreement.

In the present case, the claim was submitted to the commissioners, accompanied with vouchers and affidavits in due form. P. S., c. 27, s. 11; c. 85, ss. 3–5. This presentation and the rejection by the commissioners authorized the submission to the court by either party of the question in dispute. The proceeding is in the nature of an appeal, and there is no foundation for the defendants' claim that the court has no jurisdiction except by the consent of the commissioners. Such a construction would give the commissioners practically final power, and would have

constituted an entire change in the law which it cannot be found from the language of the General Statutes was then intended.

The plaintiffs' suit is an action at law, and it is urged that there is no statute authority for such proceeding.   The objection is well taken as matter of form.   Any method which lays before or submits to the court the disputed claim is, in substance, within the terms of the statute.   But the liability of counties to towns for the support of paupers is entirely statutory.   There is no statute authorizing in terms or by implication the enforcement of such liability by a suit in assumpsit, or any common-law action.   Hence, the defendants are not liable in an action of assumpsit.   But the form of proceeding is not material, and the error may readily be cured by amendment if necessary.   Considering the plaintiffs' suit merely as a proceeding to submit to the court a claim previously submitted to the commissioners as to which disagreement has arisen between the claimants and the commissioners, the plaintiffs may proceed to a trial upon the merits ; but if they prevail they will not be allowed any costs of the action as such, which would not properly attend the submission authorized by the statute.

<em>Motion to dismiss denied.</em>

WALLACE, J., did not sit : the others concurred.