Coös,    ⎞
Dec., 1900. ⎰

### LEIGHTON v. WILSON.

Under an agreement for support at a given price per. week during life and decent burial, in consideration of a bank deposit and certain household goods, the promisor is only bound to furnish support until such time as the, property received by him is exhausted.

BILL IN EQUITY, by the guardian of Octavia H. Heath, to compel the defendant to carry out the undertakings expressed in the following instrument:

"GORHAM, N. H., June 24, 1892.

"In consideration of bank book No. 1262 in Gorham 5-cent. Savings Bank, representing $575.94, and also other considerations. to me made by Octavia H. Heath, I agree to maintain and support said Heath, at my house, during her life ; furnishing care and medical aid, as well as clothing, etc., and at her death will see that she is given respectable burial. This agreement to date from September, 1891, the time said Heath came to my house. The price. per week to be $1.50.

"SYLVESTER WILSON." [L.. S.]

Facts found by a referee. Octavia is now, and was at the time· the above instrument was executed, a woman considerably below the average in intelligence, but she was not at that time under guardianship. In September, 1891, she went to live with the de-

fendant, whose wife is her sister. Shortly before the execution of the instrument, the defendant notified her that unless she could pay him board he could not keep her any longer, to which she made no answer. As she continued to remain at his house without paying any board, the defendant brought the matter to the attention of R. I. Ingalls, then one of the selectmen of Gorham, in which town the defendant and Octavia resided, and as a result the instrument was drawn up and executed at Ingalls' office, Octavia not being present. The defendant had no talk with Octavia about the instrument at any time, nor did it appear that its provisions were ever communicated to her by Ingalls. While it is more probable than otherwise that Octavia knew that some arrangement was to be made whereby she was to be enabled to remain at the defendant's house, the evidence is not sufficient to warrant a finding that she ever knew and comprehended the precise nature and terms of the instrument. It did not appear that Ingalls had received any authority from her to make any contract with the defendant; and although in negotiating the arrangement he doubtless had in view the interests of the town in the not improbable event of her becoming a pauper, there was no evidence that either he or the defendant understood that the town was a party to the arrangement.

It was understood between Ingalls and the defendant that the "other considerations" mentioned in the instrument comprised a note and account against the plaintiff, a sewing machine, some tables, chairs, and crockery, and some miscellaneous articles of household furniture. None of this property has ever been turned over to the defendant, nor has he ever had the use of it. Part of it has been worn out by Octavia, and some of it has been sold by her. The defendant asked her to permit him to use some of the miscellaneous articles, but without success. He has not otherwise asked for any of the property.

The main point of contention between the parties is as to the interpretation of the writing of June 24, the plaintiff claiming that it binds the defendant to support Octavia during her life, without reference to the amount of property turned over to him; while the defendant claims that in any event it only binds him to support her until the property turned over to him, reckoning the price of Octavia's board at $1.50 per week, is exhausted. If the defendant's construction is the correct one, it is found that his obligation under the instrument has already ceased.

*Daley & Goss*, for the plaintiff.

*Jesse F. Libby*, for the defendant.

BLODGETT, C. J. If the instrument sought to be enforced can be regarded as binding upon the defendant under the circumstances detailed in the case, we think the true and reasonable interpretation of it is that it only bound him to support Octavia at the rate of $1.50 per week until the property turned over to him should be exhausted; and as it is found by the referee that the property has already been so exhausted, the defendant's obligation under the instrument, if any, must be deemed to have been fully performed.

*Bill dismissed.*

All concurred.