Strafford, }
Sept. 6, 1901. }

STRAFFORD COUNTY *v.* ROCKINGHAM COUNTY.

Where it is agreed between the commissioners of different counties that the question as to which is chargeable with the support of a pauper shall be submitted to the presiding justice at a trial term, whose decision shall be final, his findings are to be treated as conclusive.

The duty of making present provision for a transient pauper is by statute essentially imposed upon the county in which he happens to be; and a county which directly and primarily aids such pauper has the same rights against the county chargeable with his support as if the relief were furnished in the first instance by a town.

In a proceeding by one county against another for reimbursement for pauper relief directly furnished, the same proof is to be adduced on the question of chargeability as that required to support a similar claim by a town against the county in which it is situated.

Where the question of chargeability has been conclusively determined, an action for reimbursement for pauper relief may be maintained by one county against another, although the affidavit required by section 9, chapter 85, Public Statutes, has not been furnished.

ASSUMPSIT, for the support of a county pauper. Facts found, and case transferred from the February term, 1901, of the supreme court, by *Pike*, J.

In the summer of 1898 a question arose between the commissioners of Rockingham county and the commissioners of Strafford county as to which county was chargeable with the support of a certain pauper. It was agreed that the question should be submitted to the presiding justice at the September term, 1899, of the supreme court for Strafford county, and that his decision should be final. After a hearing, at which the commissioners of both counties were present, made statements relating to the matter in dispute, and read affidavits, the justice decided that Rockingham county was chargeable. The decision was rendered orally, and no record thereof was made. Subsequently, one of the commissioners of Rockingham county told the commissioners of Strafford county that within a few days he would call for the pauper, who was then upon the Strafford county farm. He did not call for her, and she is still being relieved by Strafford county. A bill for the amount which the plaintiffs seek to recover in this suit was sent to the commissioners of Rockingham county early in January, 1900, with the request that it be paid, but it was not accompanied by any affidavit.

If upon the foregoing facts this action can be maintained, the plaintiffs should have judgment for $123.04 without costs; otherwise there should be judgment for the defendants without costs.

*Walter W. Scott*, solicitor, and *John Kivel*, for the plaintiffs.

*John W. Kelley*, solicitor, and *Frink, Marvin & Batchelder*, for the defendants.

REMICK, J.    It is found that the county of Strafford has expended $123.04 for the relief of a poor person whose support at the time of the expenditures was legally chargeable to the county of Rockingham, according to the decision of one of the justices of the supreme court in regular session, after hearing the parties in pursuance of their voluntary submission and agreement to abide by his judgment.

True, the commissioners of the county of Rockingham now deny the binding effect of that decision, but the law will not permit them to play fast and loose in this fashion.    Good faith and the rules of law alike require that the decision upon the question submitted should be treated as final and conclusive, and it is so treated.

The practical question, then, is whether the expenditures above referred to shall be borne by the county legally chargeable with the support of the person for whom they were made, or by the plaintiffs, who have temporarily supplied her needs.    If equitable considerations controlled this question, the duty of the court would be obvious; but it is claimed, and correctly, that the liability of towns and counties for the support of the poor is strictly statutory, and that, however equitable the claim, there can be no recovery without compliance with the statutory prerequisites. *Meredith* v. *Canterbury*, 3 N. H. 80; *Plymouth* v. *County*, 68 N. H. 361.

1.    It is urged in objection to the present claim, that there is no statute making one county liable to another for aid "primarily and voluntarily rendered to a pauper by the county claimant"; that counties are nowhere required or authorized to assist poor persons not chargeable to them, merely because found in want within their borders; that this duty is imposed upon towns alone (P. S., *c.* 84, *ss.* 1, 7, 8); that the expenditures in question were therefore voluntary and gratuitous, and not recoverable.

Assuming that the county of Strafford was a mere volunteer, with no statutory right or obligation respecting the person assisted, the conclusion reached by the defendants would be correct.    The county in such case would stand like a private individual furnishing aid to a poor person without previous authority, and could not

recover.  *Mace* v. *Nottingham*, 1 N. H. 52; *Otis* v. *Strafford*, 10 N. H. 352; *French* v. *Benton*, 44 N. H. 28.  But such is not the case here.  While the duty of providing for the emergency poor, having no settlement, is indeed required of the towns where such poor happen to be, this, evidently, is for convenience only, that need may find ready relief, and not at all with the idea of making the town the exclusive medium of assistance in such cases.  On the contrary, it is manifest that, while this obligation is placed upon the town, the county is, after all, the governmental agent selected by the legislature to bear the burden of the transient poor, pending settlement of the question of liability and the removal of such poor to the county chargeable.  P. S., c. 27, s. 6; *Ib.*, c. 85, ss. 3, 4, 5, 9, 10.  The care and custody of the poor, for the purpose of removal to the county chargeable, is expressly given to the county, and the county making the removal may recover of the county chargeable the expenses of such removal. P. S., c. 85, s. 10.  So if a town in the first instance furnishes relief to such transient poor, the county in which the town is situated must reimburse it, and in turn seek relief of the county chargeable.  P. S., c. 85, ss. 3, 4, 5, 9; *Merrimack County* v. *County*, 63 N. H. 550.  These statutory provisions are not only inconsistent with the idea advanced by the defendants, that the county of Strafford was a mere volunteer, but they establish what has been above stated, that, in the view of the legislature, the duty of making present provision for transient poor rests essentially upon the county in which they happen to be, and that the town is regarded merely as a convenient agent to supply the immediate relief demanded by the situation.  This being the theory of the law, no reason of public policy is apparent why the county should not initiate the relief, if such course seems desirable, without awaiting action by the town, and in such case have the same rights against the county chargeable, for reimbursement, as it would have in case the relief was furnished in the first instance by the town.  Indeed, section 9, chapter 85, Public Statutes, provides that the county chargeable with the support of a poor person "shall be liable to the county in which he may afterward be relieved, . . . for all sums of money paid for his relief," without reference to whether the relief is furnished directly by the county, or indirectly through the agency of some town which the county has been called upon to reimburse.  The section contains, it is true, the following qualification: "*Provided*, a copy of the affidavit before mentioned shall be forwarded . . . to the county commissioners of the county to be charged."  It is contended that this proviso indicates a legislative intent to limit the liability previously provided for to relief furnished in the first instance by some town, because the only affi-

davit elsewhere mentioned in the chapter is the affidavit required
by section 5, as a prerequisite to the reimbursement of towns by
the counties in which they are situated; and because in the case of
direct aid by the county there would be no "copy" available to
meet the verbal requirement of the proviso.   This contention is
not without force; but as no consideration of public policy is con-
ceivable why reimbursement should be allowed for indirect and
denied for direct aid, as a contrary policy is apparent from kindred
provisions (P. S., c. 85, s. 10; Ib., c. 10, s. 23), and as no such
qualification is expressed in the body of the section, a qualifica-
tion so devoid of meaning and purpose should not be inferred from
the proviso annexed, but that proviso should be and is treated as
a mere requirement that in proceedings by one county against
another, for reimbursement for relief of the poor, there should be
the same proof on the question of chargeability for support as is
required in proceedings by a town against the county in which it
is situated.   In case of indirect aid, by reimbursing some town, a
"copy" of the affidavit required of the town as a condition pre-
cedent to such reimbursement would, of course, make literal com-
pliance with the statute.   In case of direct aid, an original affi-
davit of the same facts would meet equally well the true spirit and
intent of the statute.

2.   The defendants contend, finally, that there can be no re-
covery in the present case because the affidavits required by sec-
tion 11, chapter 27, and section 9, chapter 85, Public Statutes,
have not been furnished to the county commissioners of Rocking-
ham county.

As to the affidavit provided for by section 9, chapter 85, it is
only necessary to say that the manifest purpose of the legislature
in requiring this affidavit was to enable county commissioners to
determine whether the support of the person for whose relief reim-
bursement is sought is chargeable to the county they represent,
and this purpose was fully met by the decision of the court estab-
lishing the liability of the county of Rockingham, and made, pre-
sumably, upon satisfactory proof of every fact essential to such
liability.   The question of liability for support having been thus
conclusively determined, the affidavit would now be a useless for-
mality and is not required.

As the objection that the affidavit required by section 11, chapter
27, Public Statutes, can be obviated by furnishing it, which the
plaintiffs ask leave to do, it would not be profitable to analyze the
arguments for and against the necessity for such affidavit as a basis
for judgment in this case.

Treating the present proceeding as an application to the court
under section 13, chapter 27, to determine the obvious disagree-

ments, fundamental and technical, which have arisen between the claimant county of Strafford and the commissioners of the county of Rockingham relative to the claim in question, and having in view the equitable nature of the proceedings contemplated by the statute and the practical objects intended to be accomplished by it, it is the opinion of the court that when the vouchers and affidavits required by section 11, chapter 27, Public Statutes, have been furnished to the county commissioners of the county of Rockingham, the plaintiff will be entitled to judgment for $123.04 without costs, in accordance with the finding of the court below.

3. Any fault in the form of the proceedings may be cured by amendment. *Plymouth* v. *County*, 68 N. H. 361, 363.

*Case discharged.*

All concurred.