Coös,
April 7, 1903.

### WILSON v. COÖS COUNTY.

A county is not liable to an individual for aid voluntarily furnished to a pauper.

ASSUMPSIT, to recover for the board of Octavia Heath from January 16, 1899, to May 1, 1901. Trial by the court. Transferred from the November term, 1902, of the superior court by *Young*, J.

It was found to be reasonably worth one dollar a day to care for Octavia as the plaintiff had done; but upon other facts, which sufficiently appear in the opinion, a verdict was ordered for the defendants, subject to the plaintiff's exception.

*Jesse F. Libby*, for the plaintiff.

*James I. Parsons* and *Chamberlin & Rich*, for the defendants.

BINGHAM, J. The plaintiff seeks to recover of the defendant for the board of Miss Heath from January 16, 1899, to May 1, 1901, at the rate of one dollar per day, on the ground that she was then a county pauper for whose support the defendant was chargeable. It appears that in November, 1898, the plaintiff, with whom Miss Heath was living, applied to the overseers of the

poor of the town of Gorham for aid, and was paid by them one dollar and a half a week for her support down to January 16, the overseers having an understanding with the county commissioners that the town should be reimbursed for aid thus furnished, not exceeding one dollar and a half a week, if the county was liable for her support. The county reimbursed the town for these expenditures; but the commissioners, prior to January 16, having become convinced that Miss Heath was not a pauper, notified the overseers of the poor to that effect and refused further aid. They also notified the plaintiff that, if the county was responsible for Miss Heath's support, he could or they would take her to the county farm.

It is not found that the commissioners agreed to pay the plaintiff for her support; and the finding that she was not a pauper when the plaintiff applied to the overseers for assistance in November, 1898, (if the contract reported in *Leighton* v. *Wilson*, 70 N. H. 598, should be construed to mean that the plaintiff was entitled to retain only a dollar and a half a week for her support out of the sum received by him from her under that agreement) would seem to be unimportant, for notwithstanding that finding she may have been a pauper on January 16 or thereafter. Assuming, however, that she was a pauper during the period in controversy, the question is presented whether an individual can recover from a county for aid furnished a county pauper, in the absence of an express agreement.

It is well settled in this state that " the liability of towns and counties for the support of the poor is . . . statutory, and that, however equitable the claim, there can be no recovery " in the absence of a statute providing therefor. *Strafford County* v. *County*, 71 N. H. 37, 38; *Plymouth* v. *County*, 68 N. H. 361; *Meredith* v. *Canterbury*, 3 N. H. 80. No statute has been called to our attention, and we know of none, making a town or a county liable to an individual for support furnished to a pauper without request. *Mace* v. *Nottingham*, 1 N. H. 52; *Otis* v. *Strafford*, 10 N. H. 352.

The plaintiff was a volunteer in providing the support in question, and cannot recover of the county therefor.

*Exceptions overruled.*

All concurred.