Coös,
April 6, 1915.

## George B. Day v. Coos County.

### Herbert I. Goss v. Same.

A claim against a county cannot be enforced by an action of assumpsit, but must be presented to the county commissioners for allowance; and in case of disagreement between the claimant and the commissioners, the matter may be laid before the court for decision.

Where claims against a county have been disallowed by the commissioners, actions in assumpsit brought to enforce the same may be transformed by amendment into applications to the court for a revision of the commissioners' judgment.

Costs collected by a district police court for an arrest by a city marshal and for a complaint and warrant made out by a city solicitor are payable to those officers and not to the county.

Assumpsit, for money had and received. Transferred without a ruling from the December term, 1914, of the superior court by *Branch, J.,* on an agreed statement of facts.

The plaintiff in the first case is the city marshal and in the second is the city solicitor of Berlin. Edward Poland, having been arrested by Day upon a complaint and warrant made out by Goss, paid upon a sentence of the police court of the district of Berlin, to the clerk of said court, costs which included $1.62 as officer's fee for the arrest and $1.50 as fee for the complaint and warrant. The city claims these fees, having procured the issuance of the warrant and the making of the arrest. The marshal and solicitor are paid regular salaries by the city. The clerk of the court paid the sums in question to the county treasurer.

*Goss & James,* for the plaintiffs.

*Burritt H. Hinman,* solicitor, and *Thomas L. Marble,* for the county.

PARSONS, C. J.    An action of assumpsit cannot be maintained
against a county.    Claims against a county must be presented to
the county commissioners for allowance.    P. S., *c.* 27, *s.* 10.    In
case of disagreement between the claimant and the commissioners
as to any claim, the same may be laid before the court for decision.
*Ib.*, *s.* 13.    If the claims in dispute have been presented to the com-
missioners, the suits in assumpsit may be transformed by amend-
ment into applications for a revision by the court of the judgment
of the commissioners.    *Plymouth* v. *County*, 68 N. H. 361.

The costs, including the fees in question, were properly collected
by the clerk of the district police court, whose duty it was, before
turning his collections over to the county treasurer, to pay, among
other expenses of the court, the "fees of officers and witnesses."
Laws 1913, *c.* 169, *s.* 60.    As the clerk, instead of complying with
the law, paid the money to the county treasurer, the county has
money of the officers to whom the fees should have been paid.
Whether as between the officers and the city the money collected as
fees for their services belongs to them or to the city is immaterial.
If the city by virtue of agreement with the officers has title to it,
nothing appears transferring that title to the county.    Upon the
facts stated, the claims should be allowed by the commissioners,
or by the court if the commissioners have disallowed them.

*Case discharged.*

All concurred.