Belknap,
April 15, 1940.　No. 3156.

BELKNAP COUNTY *v.* CARROLL COUNTY.

*Harold E. Wescott*, County Solicitor, for the plaintiff.

*Burnham B. Davis*, County Solicitor, for the defendant.

WOODBURY, J. The question is purely one of statutory interpretation (*Wilson* v. *County*, 72 N. H. 112, 113, and cases cited), and the material part of the pertinent statutory provision (P. L., c. 107, s. 10, as amended by Laws 1933, c. 137, s. 3), reads as follows: "The county which shall have relieved any county pauper within one year, or in which he shall have last resided not less than one year, within the last five years, shall be liable to the county in which he may afterward be relieved, if he has not resided in the latter county above three months at the time of his first relief."

The "first relief" mentioned in the last clause of the statute quoted above means the first relief furnished by the county into which a pauper may remove. *Merrimack County* v. *County*, 63 N. H. 550. Hence, although the pauper in the case at bar last resided in Carroll County for the statutory period of not less than one year within the last five years preceding his removal to the County of Belknap, and although the relief furnished continuously to his minor children by Carroll County during the entire time since October 1934 was relief furnished to him (*Croydon* v. *County*, 47 N. H. 179; *Gilmanton* v. *Sanbornton*, 56 N. H. 336), the fact that he resided in Belknap County for more than three months before receiving aid from that county operates to relieve the former county of the burden of his support and to cast that burden upon the latter one. It does not follow from this, however, that Belknap County is also obligated to support his two minor children who have remained in Carroll county. The reason for this is that counties are burdened with the support of paupers found therein "for whose support no person or town in this state is chargeable" (P. L., c. 107, s. 1), and the children in question, whose father cannot support them and whose support, so far as appears, is not chargeable to any other person or to any town, have never lived in any other county than Carroll.

Counsel for the plaintiff, relying upon the *Croydon* and *Gilmanton* cases cited above, argues that the support of the pauper's two minor children by Carroll County during the time when he lived in Belknap County operates to prevent his residence there from imposing any liability for support upon the latter county. While the cases relied upon establish the proposition that support by one town of the minor children of parents living in another prevents the parents from gaining a "settlement" in the town in which they live, they are not in point in the case at bar. The reason for this is that a town is only liable for the support of such paupers as have gained a "settlement" therein (P. L., c. 105, s. 9), as that technical term is defined in section

one of the above statute as amended by Laws 1933, c. 142, s. 1, while the liability of a county depends not upon "settlement" but upon mere presence in the county without other means of support.

Since the circumstances disclosed are inappropriate to shift the burden of support from the county in which the pauper is to the one from which he came, the order must be

*Judgment for the defendant.*

All concurred.